

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

February 1, 1946

Honorable T. M. Trimble
First Assistant Superintendent of Education
Austin, T e x a s

Dear Sir:

Opinion No. O-6989
Re: May the Quitman Independent School
District (created by Special Act in
1919) increase its trustees from five
to seven since being consolidated with
several common school districts?

You have requested an opinion from this department concern-
ing the matter referred to your department in a communication from
Honorable W. C. Irons, Superintendent of the Quitman Public
Schools. Said communication reads in part as follows:

"The Quitman Independent School District was created
by a special act of the Legislature, under Senate bill
No. 106 and became effictive July 22, 1919, and in this
act it set up a five member school board.

"In recent months Reinhardt Common School District
No. 3, Jones Common School District No. 59, and Clover
Hill Common School District No. 54 have all consolidated
with the Quitman Independent School District. With this
increased territory it appears to the present Board of
Education and to the communities involved that a seven
member board could render better services to the school
than can a five member board.

"There is a belief among some that this number can
automatically be increased to seven members under the
general law for electing trustees for Independent School
Districts. The Quitman School Board is requesting you
to look into this matter and secure a ruling from the
Attorney General as to the legality of the proposition.

"If the above cannot be done we request informa-
tion as to what proceedure should be followed in order
that this number may be raised from five to seven."

Hen. T. M. Trimble, page 2

In reply thereto we advise you as follows:

The Quitman Independent School District was created by S. B. 106, Chapter 61, Local and Special Laws of the Second Called Session of the 36th Legislature. Said S. B. 106 was approved July 22, 1919, and became effective the same date. Section 3 of said act vested the management and control of the public free schools within said independent district in a board of trustees of five members. Said section further provides for two year terms of office for each trustee, three to be elected at the general trustee election in April of 1920, and thereafter, two and three trustees, respectively, to be elected at the general trustee election in alternate years. There are other provisions of said act which need not be referred to, as they have no bearing upon this opinion.

Art. 2806, R. C. S., 1925, as amended by Act of 1945, 49th Legislature, page 416, Chap. 264, Par. 1, is the general law providing the method for consolidating several contiguous common school districts, or contiguous independent school districts, or one or more independent school districts and one or more common school districts constituting as a whole one contiguous territory. Said act further provides in part as follows:

"Where one or more independent school districts are consolidated together or with one or more common school districts, the consolidated district shall constitute an independent school district, and shall have all the rights, powers, and privileges granted to independent school districts by the laws of this State.

"If only one independent school district is consolidated with one or more common school districts the consolidated district shall bear the name of such independent school district, and the Board of trustees of said independent school district shall serve as the board of trustees of the consolidated district until the next regular election of trustees, as prescribed by general law, at which time the consolidated district shall elect a board of seven (7) trustees, whose powers, duties, and terms of office shall be in accordance with the provisions of the general laws governing independent school districts, as they now exist or may be thereafter enacted;---1" (Emphasis ours.)

Said Art. 2806, before it was amended in 1945, read in part as follows:

889

Hon. T. M. Trimble, page 3

> "Common school districts may in like manner
> be consolidated with contiguous independent school
> districts, and the district so created shall be known
> by the name of the independent school district in-
> cluded therein, and the management of the new district
> shall be under the existing board of trustees of the
> independent school district, and all the rights and
> privileges granted to independent school districts by
> the laws of this State shall be given to the consolidat-
> ed independent district created under the provisions of
> this law;----." (Emphasis ours.)

It will thus be noted that under said Art. 2806, before
and since its final amendment by the 49th Legislature, when one
or more independent school districts are consolidated together
with one or more common school districts, the consolidated
district constitutes an independent school district, and has
all the rights and privileges granted to independent school
districts by the laws of this State.

Therefore, under the provisions of Art. 2806, R. C. S., 1925,
as amended, the Quitman Independent School District, since its
consolidation with several common school districts, is still
an independent school district. Its present trustees, consist-
ing of a board of trustees of five members, shall serve as a
board of trustees of the consolidated district until the next
regular election of trustees, as prescribed by general law,
same being Art. 2777, R. C. S., 1925. At that time, being the
first Saturday of April following consolidation, the consolidat-
ed district shall elect a board of seven trustees, whose powers,
duties, and terms of office shall be in accordance with the pro-
visions of the general laws governing independent school districts.

The question now arises concerning the terms of office of
the seven trustees of the Quitman (consolidated) Independent
School District, to be elected at the general election to be
held on the first Saturday in April of 1946. Said terms are
governed by the provisions of Art. 2774a, V. A. C. S. Said
article was passed in 1930 by the 41st Legislature, Fifth
Called Session, Page 212, Chapter 66, Sec. 3 thereof reads
in part as follows:

> "Section 3. The board of county school trustees at
> its next meeting after the consolidation of school
> districts is declared shall appoint a board of seven
> trustees for the consolidated district. No person shall
> be trustee who cannot read and write the English language
> understandingly, and who has not been a resident of this
> State one year, and of the district six months, prior to
> his appointment or election. Those elected at the first
> election shall determine by lot the term for which they are
> to serve. The three members drawn numbers one, two and
> three shall serve for one year, the two members drawing

Hon. T. M. Trimble, Page 4

numbers four and five shall serve for two years and the two members drawing numbers six and seven shall serve for three years, or and until their successors are elected and qualified; and regularly thereafter on the first Saturday in April of each year three trustees or two trustees shall be elected for a term of three years to succeed the trustees whose term shall at that time expire. The members of the board remaining after a vacancy shall fill the same for the unexpired term." (Emphasis ours.)

Sec. 7 of said Art. 2774a reads as follows:

"Sec. 7. All laws and parts of laws, both general and special, in conflict with the provisions of this act are hereby repealed."

Before the passage of Art. 2774a the terms of office of trustees of consolidated school districts were fixed by Art. 2808, R. C. S., 1925, which was enacted in 1919 by the 36th Legislature, Second Called Session, Chap. 65, H. B. 148, Page 167. Said Art. 2808 provides in part as follows:

"The terms of office of three of the trustees shall expire on the first day of May next following their appointment, and the terms of office of the other four trustees shall expire on the first day of May of the succeeding year, as those so appointed shall determine by lot. Each year thereafter alternately three trustees and four trustees shall be elected by the qualified voters of the district on the first Saturday of April, and trustees so elected shall enter upon the discharge of their duties on the first day of May next following, and serve for a term of two years thereafter."

Therefore, Art. 2808 has been repealed insofar as it conflicts with the provisions of Sec. 3 of Art. 2774a. Where there is such a conflict, Sec. 3 of Art. 2774a must be followed, and the election and terms of office of the trustees of such consolidated district must be governed accordingly.

Although the Quitman Independent School District was created by special law, its consolidation with the various common school districts was effected under the general laws of this State. Therefore, said consolidation is governed by such general laws, and especially by the provisions of Art. 2806, R. C. S., 1925, as amended, and by Sec. 3 of Art. 2774a, as aforesaid. (Emphasis ours.)

You are therefore advised that the present trustees of the Quitman Independent School District should continue in office as such until the next regular election of trustees on the first Saturday in April of 1946, at which time the consolidated district, which is an independent school district, shall elect a board of seven trustees. Those so elected shall determine by lot the terms for which they are to serve. The three members drawing numbers one, two, and three shall serve for one year; the two members drawing numbers four and five shall serve for two years; and the two members drawing numbers six and seven shall serve for three years, or and until their successors are elected and qualified; and regularly thereafter on the first Saturday in April of each year, three trustees or two trustees shall be elected for a term of three years to succeed the trustees whose terms at that time expire . Also, the members of the board remaining after a vacancy shall fill the same for the unexpired term. See Sec. 3 of Art. 2774a, supra, for other proceedings which said new board of trustees should follow.

We further direct attention to the following facts: Section 3 of Art. 2774a applies to all consolidated districts, both common and independent, except as modified by Art. 2806, R. C. A., 1925, as amended. By the provisions of said Art. 2806, as amended, the Quitman Independent School District, after being consolidated as aforesaid, is still an independent school district. Therefore, its present five-member board of trustees shall continue to serve as the board of trustees of said consolidated district until the next regular election of trustees. In this respect, Art. 2774a is modified by Art. 2806, as amended. The board of county school trustees has no authority to appoint a new board of seven trustees for a consolidated independent school district. It does have such authority, under Sec. 3 of Art. 2774a, when common school districts only are consolidated; and such authority must be exercised at said county board's next meeting after the consolidation of such school districts is declared. Also, since the Quitman Independent School District is now a consolidated independent school district, the terms of office of its seven trustees to be elected next April must be governed by the provisions of said Sec. 3 of Art. 2774a, and not by the provisions of Art. 2758 of the R. C. S. of 1925. This last mentioned article applies to independent school districts created and incorporated under the provisions of Art. 2757, R. C. S., 1925, as pointed out and discussed in our Opinion No. O-1595.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen
L. H. Flewellen
Assistant

APPROVED

